## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

LAMOTTE STEVENSON,
Defendant.

Criminal Complaint

CASE NUMBER: 08-**38-m**

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>February 10, 2008</u> in the District of Delaware, Defendant LAMOTTE STEVENSON did knowingly possess in and affecting interstate commerce a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title ____18____ United States Code, Section(s) __922(g)(1) and 924(a)(2).__

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
                                            Official Title

on the following facts: <u>See</u> attached affidavit.

Continued on the attached sheet and made a part hereof:   Yes

                                            _/s/ Jason Kusheba_
                                            Jason Kusheba
                                            Special Agent, ATF

Sworn to before me and subscribed in my presence,

_February 11, 2008_ at Wilmington, DE
Date                                                   City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                 _/s/ Mary Pat Thynge_
Name & Title of Judicial Officer                Signature of Judicial Officer

I, Jason M. Kusheba, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over six years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. You Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1997.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on February 10, 2008, in the City of Wilmington, State and District of Delaware, as stated to me by Wilmington Police Officers who have personal knowledge of the stated facts.

4. On or about February 10, 2008, at approximately 0027 hours, Wilmington Police Department (WPD) Officers were stopped at a red light in a marked police patrol car. At that time, Officers observed a vehicle pass in front of them, traveling at a high rate of speed. Officers activated the emergency equipment of their patrol car and followed this vehicle. While following the vehicle, Officers observed it disregard approximately three (3) red traffic signals and approximately three (3) stop signs.

5. Officers continued to follow the vehicle until it came to a stop at a hospital in Wilmington, DE. Once at the hospital, Officers observed the defendant, Lamott Stevenson, exit the driver's side of the vehicle and approach an entrance to the hospital. At that time, Officers noticed that the defendant had blood on his shirt and blood running down his arm. Officers asked the defendant if he was alright and he replied that he had been shot. At that time, Officers assisted the defendant in getting to the emergency room.

6. On or about the same date, Officers observed the vehicle where the defendant had parked it. It should be noted that at no time was the vehicle left unattended by Officers and no other occupants were observed in the vehicle other than the defendant. Officers stated that it appeared that both the driver and passenger side windows had been broken, or shot out. Officers then noticed, in plain view, a firearm on the floor of the driver's side of the vehicle. Officers then recovered the firearm, and it was determined to be a Sig Sauer, model P220, .45-caliber pistol, serial number G228549. The aforementioned firearm was loaded with seven (7) rounds of .45-caliber ammunition.

7. On or about the same date, the WPD impounded the vehicle to be processed for additional evidence.

8. On or about 02/11/2008, the defendant was transported from a hospital in Newark, DE to the WPD headquarters. At that time, WPD Detectives advised the defendant of his Miranda warnings. The defendant acknowledged the warnings and agreed to answer questions. At that time, the defendant stated that his mother had visited him while he was at the hospital and told him that she had used the vehicle and left her firearm in it.

9. On or about the same date, your Affiant and WPD Detectives identified who is believed to be the defendant's mother. Your affiant has reviewed the computer criminal history information for the defendant's mother from the Delaware Justice Information System (DELJIS) and learned that she is a prohibited from possessing firearms in that she has been convicted of a crime punishable by imprisonment for a term exceeding one year.

10. Your affiant has also reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has a prior felony conviction for Possession with Intent to Deliver a Controlled Substance from on or about May 15, 2006, in the New Castle County Superior Court for the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

11. From you affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that based on a description of the above mentioned firearm, it was manufactured in a state other than Delaware. As such, its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware, and thus the possession of that firearm in Delaware affected interstate commerce.

12. Based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that based on a description of the above-mentioned seized firearm, it contains the frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

13. Wherefore, based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the defendant violated Title 18 U.S.C. Section 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint and arrest warrant charging that offense.

_____
Jason M. Kusheba
Special Agent, ATF

Sworn to and subscribed in my presence
This 11th day of February, 2008

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware