AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
Lamotte Stevenson
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 08-38M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed    that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- (1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
FEB 20 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    clear and convincing evidence    a preponderance of the evidence: Defendant waived his right to a preliminary hearing, but contested detention on the charge of possession of a firearm by a convicted felon in violation of 18 USC §§ 922(g) & 924.

Nature of the offense: The offense is considered a crime of violence and a serious offense.

Strength of the Evidence: Although defendant waived his right to a preliminary hearing, he argued that the weapon found in the vehicle at the driver's foot area ws not his, but his mother who is also a convicted felon and not allowed to possess a weapon. How defendant's arrest occurred, was that defendant was speeding to the hospital to obtain medical treatment for 2 bullet wounds. The passenger and driver's window were broke as though his vehicle had been shot at. After exiting his vehicle, police notice the weapon on the floorboard of the vehicle. IN light of it location, and the condition of the vehicle, suggest that defendant was aware of the gun. Weapon was fully loaded (7) rounds. Although defense argued this suggested that defendant was unaware of the weapon, it also suggests that defendant was aware but was shot before he could use it. There is no explanation why his mother would have allegedly put the weapon in the car rather than keeping it in her residence (defendant and his mother live together; defendant claim that although his mother is not incapacitated, she does need assistance which indicates that defendant's explanation regarding the weapon may be a complete fabrication.

Defendant's characteristics/background: Defendant refused an interview without the presence of counsel. Therefore, some history is limited and most is unverified coming from defendant at the time of the hearing. He has been employed at Just Desserts for about 4 months. He is in need of further medical care for his wounds, including removal of a bullet from his arm. His past convictions inclue: 2002 possession of a deadly weapon by a person prohibited and possession of MJ. He was found in VOP within 4 months of his conviction and again 2 other times in 2003. He is charged with possession of MJ which is pending and a capias was issued for his FTA. In May 2006, he was convicted of possession with intent to deliver MJ, was VOP in November 2006 and placed in a halfway house, transferred to the Plummer Center in April 2007 and released to begin probation in November 2007. At the time of this incident, he was on state probation. His conduct shows a history of repeated violations of supervisory conditions. His residence does not have a functioning telephone so EM is not available. Further, in light of defendant's story, he cannot reside with his mother, the only residence proposed. In addition to the charges noted above, defendant has 6 convictions of resisting arrest. He clearly faces

AO 472 (Rev. 3/86) Order of Detention Pending Trial

incarceration if convicted of the present offense. As a result there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

February 20, 2008
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).